IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JESSICA MORGAN,<br><br>　　Plaintiff,<br><br>v.<br><br>RELOCARE LLC,<br><br>　　Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jessica Morgan ("Plaintiff"), by and through their undersigned counsel, and files this, their Complaint for Damages against Defendant ReloCare LLC, ("Defendant") and shows the Court as follows:

# NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Rebecca Beard, located at 4780 Sharon Dr, Evans, GA, 30809, USA

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation in violation of the ADA. The EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTS

8.

Plaintiff was hired by Defendant on or about April 4, 2022.

9.

Plaintiff suffers from depression, anxiety, PTSD, CPTSD, kidney disease, degenerative disk disease, degenerative joint disease, hyperthyroidism and injured rotator cuffs. These disabilities substantially limit her in one or more major life activities, including sleeping, running, and caring for herself, and affect her endocrine, musculoskeletal, and nervous system.

10.

During her interview process, Plaintiff disclosed that she would need accommodations for her disabilities.

11.

Specifically, Plaintiff told Andy Beard, Defendant's owner, that she would need breaks to take her medication and on occasion, longer breaks to regain her composure after triggering events or to rest due to her physical disabilities.

12.

Plaintiff also told Beard that they could not be scheduled on Wednesdays so she could attend medical appointments related to her disabilities.

13.

Beard told Plaintiff that she could work with all of those accommodations, but that she could not bring her medications into clients homes with her.

14.

On or about April 21, 2022, on another job where Cher Cox, Plaintiff's normal supervisor, was managing, Plaintiff came back from a break and heard another lead, Jennifer Brade, asking a coworker what medications she was on and what her disability was.

15.

Shortly thereafter, on or about April 29, 2022, on a site where Brade was lead, Brade asked Plaintiff why she needed breaks and what her medications were.

16.

Brade also told Plaintiff that she either needed to not take her medications at work or that she needed to bring her medications inside client's homes and that people don't just get breaks to do things like take their medications.

17.

Plaintiff responded that Beard had told her she could not bring her medications into clients homes and that she was not willing to disclose her medications to Brade.

18.

Plaintiff confirmed with her usual shift lead, Sidney, that she was not to bring her medications into client's homes.

19.

Plaintiff also told Brade that she could ask Beard about her accommodations if she wished.

20.

Brade responded that Plaintiff should be able to explain how she was fit to work for Defendant and that Brade should not have to ask a second person about Plaintiff's accommodations and disability.

21.

Brade then went upstairs and complained about Plaintiff's need to take her medication to another employee named Lindsey in earshot of the client they were servicing that day.

22.

When Plaintiff discovered this was happening, Plaintiff asked Brade why she was talking to Lindsey instead of her.

23.

Brade then got in Plaintiff's face and berated her in front of coworkers and a client to the point where she was red in the face and spit was coming out of her mouth and hitting the Plaintiff, while complaining about the fact that Plaintiff had to take breaks for her medication.

24.

After leaving the work site, Plaintiff explained what happened to Beard and told him that Brade was subjecting her to a hostile work environment because of her disability.

25.

Beard did not reply to Plaintiff.

26.

Then, on or about May 2, 2022, Cher Cox, an employee of Defendant called Plaintiff and terminated her.

27.

Cox stated that Plaintiff was being terminated because she was "probably not a good fit."

28.

Plaintiff had no performance issues, and in fact, on April 24, 2022, Beard entertained the idea of promoting Plaintiff.

29.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity. As a result of the unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIM FOR RELIEF
## COUNT I: RETALIATION UNDER THE ADA

30.

Plaintiff reincorporates paragraphs 8-29 as if set forth fully herein.

31.

Plaintiff's disabilities affect her in the major life acitvities of caring for herself and sleeping, and affect her endocrine, musculoskeletal, and nervous system.

32.

The ADA prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

33.

Plaintiff's requests for reasonable accommodation and complaints and opposition to, inter alia, being discriminated against and subjected to a hostile working environment based on her disability constitute protected activity under the ADA.

34.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity.

35.

There was a causal connection between the protected conduct and the adverse actions of termination.

36.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

38.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)   Grant Plaintiff General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)   Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F) Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G) Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H) Award Plaintiff such further and additional relief as may be just and appropriate.

This 18th day of July, 2023.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com